Citation Nr: 1443689 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-06 309 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Appellant and her daughter



ATTORNEY FOR THE BOARD

M. J. In, Counsel


INTRODUCTION

The Veteran served on active duty from May 1960 to May 1964. The Veteran died in December 2008. The appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a September 2009 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In July 2011, the appellant testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the claims file.

The case was previously before the Board in February 2014 when it was remanded for additional evidentiary development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on her part.


REMAND

The appellant seeks service connection for the Veteran's death contending that the Veteran was exposed to asbestos during his active service. The Veteran died in December 2008 with the primary cause of death being reported as pulmonary fibrosis, although significant contributing conditions included diabetes mellitus and coronary artery disease. Serving in the United States Marine Corp, the Veteran's military occupational specialty (MOS) was amphibian tractor operator. Additional evidence in the file indicates that the Veteran was stationed aboard ships while his unit was sent to and then returned from Okinawa, Japan.

The Board regrets that this case needs to be remanded again because the AOJ failed to comply with the Board's remand directives in its February 2014 remand. 

In February 2014, the Board remanded the case to obtain pertinent post-service medical records for the Veteran dated from May 1964 to April 26, 2001 and any records produced after September 27, 2006 from the VA Medical Center (VAMC) in Oklahoma City, Oklahoma. The record reflects that the AOJ requested these records from the Oklahoma City VAMC in February 2014 and April 2014. Subsequently, the Veteran's VA treatment records dated from April 26, 2001 through December [redacted], 2008 have been obtained and associated with the claims file; however, no records dated earlier than April 26, 2001 have been received. Neither has any response been received to the effect that such records were unavailable. The AOJ was specifically instructed that if the records are not found, no longer exist, or are otherwise unavailable, a written negative reply is required and the appellant was to be provided with proper notice in accordance with 38 C.F.R. § 3.159. This has not been done. A negative reply has not been received as to the unavailability of the records. Assuming that the records are not obtainable, proper notice has not been provided to the appellant with regard to the unavailability of the records.

Additionally, in the February 2014 remand, the Board directed that the AOJ should develop and document the Veteran's claimed in-service exposure to asbestos noting that although the Veteran's service personnel records were obtained, no actual narrative from the service department confirmed whether or not the Veteran's duties in service would have exposed him to asbestos. See M21-1MR, Part IV, Subpart ii, Chap. 1, Sec. H, Para. 29, entitled "Developing Claims for Service Connection for Asbestos-Related Diseases," and Part IV, Subpart ii, Chap. 2, Sec. C, Para. 9, entitled "Service Connection for Disabilities Resulting from Exposure to Asbestos." Aside from obtaining the Veteran's service personnel records, there is no indication that the AOJ has taken any further action to ascertain the Veteran's claimed in-service exposure to asbestos while serving aboard the USS Paul Revere, USS Montrose, USS George Clymer, and the USS Thompston or in performance of his duties as an amphibian tractor operator. 

AOJ compliance with remand directives is not optional or discretionary and the Board errs as a matter of law when it fails to ensure remand compliance. Stegall v. West, 11 Vet. App. 268 (1998). Accordingly, another remand is required so that further attempts can be made to obtain the evidence requested by the Board at the time of the February 2014 remand. If the records cannot be obtained, the appellant must be provided with proper notice of the unavailability of the records. The AOJ must undertake the appropriate development necessary to adjudicate the appellant's claim of entitlement to service connection for the cause of the Veteran's death, to include asbestos exposure.

Accordingly, the case is REMANDED for the following action:

1. Obtain, to the extent possible, the Veteran's medical records generated between May 1964 and April 26, 2001, by the Oklahoma City VAMC and any associated outpatient clinics. The RO is specifically directed to request not only electronic outpatient notes, but to contact the appropriate custodian of each facility to ascertain whether there are medical records that relate to the Veteran. If the records are not found, no longer exist, or otherwise unavailable, a written negative reply is required and the appellant should be notified in accordance with 38 C.F.R. § 3.159. 

Specifically, the AOJ must provide the appellant and her representative with a proper notice that includes (a) the identity of the specific records that could be obtained, (b) an explanation as to the efforts that were made to obtain those records, (c) a description of any further action to be taken by VA with respect to the claim, and (d) that the appellant is ultimately responsible for providing the evidence, as required by 38 C.F.R. § 3.159(e). The appellant and her representative must then be given an opportunity to respond.

The AOJ must advise the appellant that she can submit alternative evidence to support her contention that service connection for the cause of the Veteran's death, including asbestos exposure, is warranted. This evidence may take the following forms, however, the appellant may submit any other evidence she finds appropriate: statements from service treatment personnel, "buddy" certificates or affidavits, employment physical examinations, medical evidence from hospitals, clinics and private physicians by which or by whom the Veteran may have been treated, especially soon after discharge, letters written during service, photographs taken during service, pharmacy prescription records, and insurance examinations.

All attempts to obtain these records should be documented in the file.

2. Conduct all development necessary to adjudicate the appellant's claim of entitlement to service connection for the Veteran's death, to include asbestos exposure. See M21-1MR, Part IV, Subpart ii, Chap. 1, Sec. H, Para. 29; Part IV, Subpart ii, Chap. 2, Sec. C, Para. 9.

Development should include asking the service department, the National Personnel Records Center, or any other appropriate organization having access to historical information regarding in-service asbestos exposure, to provide any relevant evidence or information as to whether the Veteran may have been exposed to asbestos while serving aboard the USS Paul Revere, USS Montrose, USS George Clymer, and the USS Thomaston or in performance of his duties as an amphibian tractor operator. 

Any records obtained should be associated with the claims file. If no such records are available, this should be indicated in the claims file.

3. After the development requested is completed to the extent possible, readjudicate the claim for service connection for the cause of the Veteran's death. If the benefit sought remains denied, furnish the appellant and her representative a supplemental statement of the case and a reasonable period to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
G. A. WASIK
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).